Case 2:24-cv-00119   Document 11   Filed on 07/26/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SIDNEY MAURICE THOMPSON, IV, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00119 |
| | § | |
| LAURIE SUE BALDWIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Sidney Maurice Thompson, IV ("Plaintiff"), a Texas inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

Plaintiff is currently confined in the Nueces County Jail. On May 23, 2024, the Clerk issued a Notice of Deficient Pleading, notifying Plaintiff that he must do the following within 30 days:

> Pay a fee of $405.00 or provide an application to proceed *in forma pauperis* [("IFP")]. The applicant is instructed to attach a certified copy of his inmate trust fund account history containing the deposits and monthly balances for the six month period preceding the filing of this lawsuit. The applicant is advised to request a certified copy of his trust account from the unit law librarian.

(Doc. No. 6.) Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. *Id.* Plaintiff did not respond.

On July 1, 2024, the undersigned issued an order directing Plaintiff to show cause why this case should not be dismissed for want of prosecution. (Doc. No. 9.) The order directed

Plaintiff to either submit the filing fee of $405.00 or submit a fully completed motion to proceed *in forma pauperis* along with a certified copy of the trust fund account statement (or institutional equivalent for the six-month period preceding the filing of the complaint. *Id*. at 2. Plaintiff was warned that failure to comply with the Notice of Deficient Pleading by July 23, 2024 could result in his case being dismissed for want of prosecution. *Id.* Plaintiff has again failed to respond.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). To date, Plaintiff has not satisfied the requirements to pursue his 42 U.S.C. § 1983 case. The Court has twice advised Plaintiff, through a Notice of Deficient Pleading and the show-cause order, that this action would be dismissed if he failed to comply with these court orders. (Doc. Nos. 6, 9.) Plaintiff has repeatedly failed to follow court orders by either paying the filing fee or submitting the required information in support of an application to proceed *in forma pauperis*. Plaintiff was given multiple warnings that this failure may result in the dismissal of this action. The undersigned therefore recommends that Plaintiff's lawsuit be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on July 26, 2024.

_____
MITCHEL NEUROCK
United States Magistrate Judge